**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2013

Lyle W. Cayce
Clerk

No. 12-50546
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RAYMOND SAMUELS,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-410-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raymond Samuels pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and received a within-guidelines sentence of 12 months and one day in prison and a three-year term of supervised release. He was also ordered to pay $55,000 in restitution. Samuels argues that the district court erred by accepting his guilty plea because the factual basis offered in support of the plea does not establish that the wire communication alleged in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment—a facsimile (fax) of an invoice to Osborne Cast & Bearing—was transmitted for the purpose of executing his scheme to defraud.

As Samuels concedes, because he did not object to the sufficiency of the factual basis underlying his plea in district court, this court will review the issue for plain error only. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006); *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). To establish plain error, an appellant must show that the forfeited error is clear or obvious and that it affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A district court cannot enter a judgment of conviction based upon a guilty plea unless the court is satisfied that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3). The district court must compare the conduct that the defendant admits with the elements of the offense charged in the indictment. *United States v. Hildenbrand*, 527 F.3d 466, 474-75 (5th Cir. 2008). "To establish wire fraud, the government must prove (1) that the defendant knowingly participated in a scheme to defraud; (2) that interstate wire communications were used to further the scheme; and (3) that the defendant intended that some harm result from the fraud." *United States v. Mills*, 199 F.3d 184, 188 (5th Cir. 1999) (per curiam). "Though the federal fraud statute requires more than a tangential relationship between the wire communication and the fraud, [i]t is sufficient for the mailing to be incident to an essential part of the scheme or a step in [the] plot." *United States v. Phipps*, 595 F.3d 243, 246 (5th Cir. 2010) (alterations in original) (internal quotation marks omitted).[1]

---

[1] "[B]ecause the mail and wire fraud statutes share the same language in relevant part, the same analysis applies to each." *Mills*, 199 F.3d at 188.

Samuels contends that the record reflects that the fax was sent after he received payment from Osborne Cast & Bearing for the pumping unit, and therefore the facts do not establish that the interstate wire communication was transmitted for the purpose of executing his scheme to defraud as required for a conviction under § 1343. Although neither the indictment nor the factual basis explicitly stated that the invoice was sent by fax prior to payment, the district court was entitled to draw inferences from the evidence presented. *See Hildenbrand*, 527 F.3d at 475. The indictment and the factual basis support a determination that Samuels sent the invoice by fax prior to any payment by Osborne Cast & Bearing and, thus, that the wire communication was "incident to an essential part of the scheme or a step in [the] plot." *Phipps*, 595 F.3d at 246 (alteration in original) (internal quotation mark omitted).

As Samuels asserts, the presentence investigation report (PSR) reflects that Chad Osborne, with Osborne Cast & Bearing, provided Tammy McComic of Mexco Energy Corporation with an invoice from Samuels for payment of $40,000 received from Osborne Cast & Bearing. However, that portion of the PSR does not identify the date the invoice was paid. Nevertheless, because a subsequent paragraph of the PSR reflects that Osborne Cast & Bearing wired payments to Samuels's bank account after the December 29, 2009, transmission of the fax (as alleged in the indictment and set forth in the factual basis), it can be inferred that the fax alleged in the indictment was transmitted prior to Osborne Cast & Bearing's payments to Samuels for the pumping unit.

An examination of the record reveals that the district court did not plainly err in determining that Samuels's conduct satisfied the requirement that the wire communication—the fax transmitting the invoice—be transmitted "for the purpose of executing" Samuels's scheme to defraud. § 1343; *Phipps*, 595 F.3d at 246; *Puckett*, 556 U.S. at 135. Any deficiency in the factual basis is not "so clear or obvious that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it."

*United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010) (quoting *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010)) (internal quotation marks omitted).

Because Samuels has not shown plain error in connection with his challenge to his conviction, the district court's judgment is AFFIRMED.